**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| MAHMUDUL HOQUE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-CV-01034 |
| | § | |
| THE WARDEN, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Pending before the Court is Petitioner Mahmudul Hoque's ("Petitioner") *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

For the following reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED IN PART**.

## Background

Petitioner is a native and citizen of Bangladesh who entered the United States without inspection on or around January 3, 2025. (*See* Dkt. 7 at 1; Dkt. 16 at 1.) He has remained in ICE custody continuously since entering the United States. (*See* Dkt. 1 at 8; Dkt. 7 at 1–2; Dkt. 16 at 1.) Petitioner was initially placed into expedited removal proceedings under 8 U.S.C. § 1225(b)(1). (*See* Dkt. 1, Attach. 1 at 2–4; Dkt. 7 at 1–2; Dkt. 16 at 1–2.) After a positive credible fear interview, Petitioner was served with a Notice to Appear (NTA) placing him into removal proceedings under 8 U.S.C. § 1229a. (*See* Dkt. 1, Attach. 1 at 2–4; Dkt. 7 at 1–2; Dkt. 16 at 1–2.) An Immigration Judge (IJ) denied Petitioner's applications for asylum, withholding of removal, and protection

under the Convention Against Torture and ordered him removed to Bangladesh. (Dkt. 1 at 2, Attach. 4; Dkt. 7 at 2; Dkt. 16 at 2.) Petitioner filed a timely appeal of the IJ's decision to the Board of Immigration Appeals (BIA), which remains pending as of the date of this Order. (*See* Dkt. 1 at 2, Attach. 5; Dkt. 7 at 2; Dkt. 16 at 2.) Accordingly, Petitioner's removal proceedings remain ongoing as he appeals the IJ's decision, and he does not have a final order of removal. *See* 8 C.F.R. 1241.1.

Petitioner filed his petition, (Dkt. 1), and accompanying Declaration, (Dkt. 2), on June 5, 2026. As of the date of this Order, Petitioner has remained in immigration detention without an individualized determination of the need for his detention for approximately 16 months since he was apprehended and detained in January of 2025. (*See* Dkt. 7 at 1; Dkt. 16 at 1.) In his petition, Petitioner argues that his prolonged detention violates his rights under the Due Process Clause of the Fifth Amendment. (Dkt. 1 at 6–7.) He asks for the Court to grant his habeas petition and order his release from custody under reasonable conditions of supervision. (*Id.* at 6–7.)

On June 8, 2026, the Court ordered Respondents to file a response by June 15, 2026. (Dkt. 5.) On June 15, 2026, Respondents filed their Response and Motion for Summary Judgment, (Dkt. 7), arguing that Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(1). (*Id.* at 3–4); s*ee Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018) (Section 1225(b) "mandate[s] detention of aliens throughout the completion of applicable proceedings"); *see also Matter of M-S-*, 27 I. & N. Dec. 509 (A.G. 2019) (deciding that noncitizens subject to expedited removal who pass their credible fear interview and are placed in 8 U.S.C. § 1229a, INA Section 240, proceedings are subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii)).

On June 22, 2026, Respondents filed a Motion for Consolidation, (Dkt. 9), because they identified that Petitioner had another habeas petition pending before the Court, designated as Civil

2 / 7

Action No. 5:26-cv-1041 (filed June 8, 2026) and assigned to the Honorable District Judge John A. Kazen. Petitioner later filed a Notice of Duplicative Case and Request to Proceed Under First-Filed Case, (5:26-cv-1041, Dkt. 19), indicating that he did not oppose Respondents' motion. The Court granted Respondents' Motion for Consolidation, (Dkt. 9), on June 24, 2026, designated 5:26-cv-1034 as the Lead Case, and directed the Clerk of Court to enter Petitioner's supplemental filings from 5:26-cv-1041 into the Lead Case. (*Id.* at 3.)

Petitioner filed a reply, (Dkt. 16), opposing summary judgment and arguing that Petitioner's prolonged detention violates his rights under the due process clause. (*Id.* at 2–4.) Petitioner requests that the Court grant immediate release, or require Respondents to justify, with individualized evidence, why continued detention remains necessary. (*Id.* at 4.)

### Discussion

The central question before the Court is whether Petitioner's detention of over 16 months without an individualized determination of the need for detention violates his rights under the Due Process Clause of the Fifth Amendment. (*See* Dkt. 7 at 1; Dkt. 16 at 1.) Upon review of Petitioner's case, the Court finds that Petitioner's claim presents nearly identical legal questions to those previously considered by the Court in *Giri v. Lyons*, 2026 WL 1361557 (S.D. Tex. May 12, 2026). In *Giri*, the Court held that the petitioner, a noncitizen detained shortly after entering the United States, was entitled to Fifth Amendment protections from arbitrary and punitive civil immigration detention, and that the appropriate framework to decide whether the petitioner's detention under 8 U.S.C. § 1225(b)(1) had become unconstitutionally prolonged was the test the Supreme Court set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976). The Court adopts its reasoning as previously articulated in *Giri v. Lyons* and analyzes Petitioner's claims under each *Mathews* factor.

Here, the Court finds that all three *Mathews* factors weigh in favor of granting Petitioner a bond hearing. Under the test set out in *Mathews* the Court evaluates "(1) the private interest that will be affected by the official action, (2) a cost-benefit analysis of the risks of an erroneous deprivation versus the probable value of additional safeguards, and (3) the Government's interest, including the function involved and any fiscal and administrative burdens associated with using different procedural safeguards." *Dusenbery v. United States*, 534 U.S. 161, 167 (2002) (citing *Mathews*, 424 U.S. at 335).

First, Petitioner's private interest is "the most elemental of liberty interests—the interest in being free from physical detention[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) and *Parham v. J. R.*, 442 U.S. 584, 600 (1979)). Moreover, "[t]he individual's liberty interest increases over time, and the risk of an erroneous deprivation of liberty may become more egregious[.]" *Rashid v. Trump*, 807 F. Supp. 3d 349, 365 (D. Vt. 2025). "The longer the duration of the incarceration, the greater the deprivation." *Velasco Lopez v. Decker*, 978 F.3d 842, 852 (2d Cir. 2020). Petitioner has been detained for over 16 months, a period of detention that many other courts have found to be unreasonably prolonged. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022) ("Petitioner has been in immigration detention . . . approximately one year. District courts have found shorter lengths of detention . . . without a bond hearing to be unreasonable.") (collecting cases); *Rashid*, 807 F. Supp. 3d at 368 (collecting cases).

Second, the risk of erroneous deprivation is severe, and the probable value of additional procedural safeguards is great. The Supreme Court has recognized that generally, immigration detention has "two regulatory goals: 'ensuring the appearance of aliens at future immigration proceedings' and '[p]reventing danger to the community.'" *Zadvydas v. Davis*, 533 U.S. 678, 690

4 / 7

(2001); *see Demore v. Kim*, 538 U.S. 510, 518–21 (2003) (noting that detention during pending removal proceedings under 8 U.S.C. § 1226(c) serves these dual purposes); *see also Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) (generally when making a custody determination, an immigration judge considers whether the noncitizen "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk"). Therefore, if Petitioner is "being detained despite the fact that he is neither a flight risk nor a danger to the community, the Government is erroneously depriving him of his freedom." *See Rashid*, 807 F. Supp. 3d at 369. Petitioner has not received *any* process to consider whether his current detention of over 16 months serves a legitimate purpose, therefore the Court finds that the risk of erroneous deprivation weighs in Petitioner's favor.

Finally, the Court finds that the Government's interest in detaining Petitioner without a hearing is minimal. The Court recognizes the Government has a strong interest in ensuring that noncitizens appear for their removal proceedings and in ensuring that the public is kept safe. *See Demore*, 538 U.S. at 518–21. However, additional procedural safeguards in the form of a bond hearing "do nothing to undercut those interests. At any ordered bond hearing, the IJ would assess on an individualized basis whether the noncitizen presents a flight risk or a danger to the community, as IJs routinely do for other noncitizen detainees." *See Black v. Decker*, 103 F.4th 133, 153–54 (2d Cir. 2024) (citing 8 U.S.C. § 1226(a)). Indeed, requiring that the Government justify continued detention *promotes* the Government's interest in minimizing the enormous impact of incarceration in cases where it serves no purpose. *Id.* (quoting *Velasco Lopez*, 978 F.3d at 854). Similarly, should the Government find that Petitioner is not a flight risk nor a danger, the Government benefits from the reduced cost of no longer detaining Petitioner. Finally, there is minimal administrative burden where immigration courts already regularly make custody

determinations for noncitizens pending their removal proceedings. *See* 8 U.S.C. § 1226(a); 8 C.F.R. § 1003.19; 8 C.F.R. § 236.1.  Therefore, the Court finds that the final *Mathews* factor also weighs in Petitioner's favor.

Thus, the Court holds that because Petitioner's detention has become unconstitutionally prolonged and violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to equitable relief. The Court holds that the appropriate remedy is a bond hearing at which the Government bears the burden of proving by clear and convincing evidence that continued detention is needed to prevent the noncitizen from fleeing during his removal proceedings or harming the community. *See Giri*, 2026 WL 1361557, at *13.

## CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED IN PART**. Petitioner's Motions for Bond Determination, TRO and Stay of Removal, Request to Prevent Transfer, and Request to Expedite Review, (Dkts. 12, 13, 14, 15), while his habeas petition remains pending are **DENIED** as moot. Respondents' Motion for Summary Judgment, (Dkt. 7), is **DENIED**.

1.      Respondents are **ORDERED** to provide Petitioner with an individualized custody review before an immigration judge at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner presents a risk of flight or a danger to the community. At the bond hearing, the Immigration Judge is also directed to consider the availability of alternatives to detention and conditions of supervision in determining whether Petitioner is a flight risk. Respondents must provide this hearing **within 7 days of the issuance of this Order, or else Respondents must release Petitioner.**

2.      Respondents are **ORDERED** to submit a status report informing the Court of the result of the hearing and Petitioner's custody status within **8 days of the issuance of this Order.**

Finally, the Clerk of Court is also **DIRECTED** to mail Petitioner a copy of this Order by any receipted means to the following address:

**Mahmudul Hoque**
**A# 221-389-952**
**Webb County Detention Center**
**9998 S. Highway 83**
**Laredo, TX 78041**

IT IS SO ORDERED.

SIGNED this June 29, 2026.

Diana Saldaña
United States District Judge

7 / 7